FILED
2018 Jul-03 AM 11:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARQUETTE CHAPMAN, Plaintiff, vs. THE STATE OF ALABAMA, and THE ALABAMA DEPARTMENT OF TRANSPORTATION, Defendants. | 7:17-cv-01631-LSC |

MEMORANDUM OF OPINION AND ORDER

Plaintiff Marquette Chapman ("Plaintiff" or "Chapman") brings suit alleging discrimination in violation of Title VII[1] of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* and pursuant to 42 U.S.C. § 1981. Before the Court is Alabama Department of Transportation ("ALDOT") and the State of Alabama's ("Alabama") (collectively "Defendants") motion to dismiss. (Doc. 5.) Plaintiff, Marquette Chapman ("Chapman" or "Plaintiff") has timely filed her opposition. (Doc. 10.) The motion is fully briefed and ripe for review. For the

---

[1] Title VII makes it unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. 2000e-2(a).

reasons stated below, the motion to dismiss is due to be denied, and Plaintiff should be granted leave to amend.

I. BACKGROUND[2]

Chapman, an African American resident of Cottondale, Alabama, was employed by ALDOT beginning in March of 2004. In December of 2015, Chapman took a test seeking a promotion to Transportation Technologist and was ranked number one in the state of Alabama. Thereafter, Plaintiff informed her **immediate supervisor, Wes Huffman ("Huffman")**, of her ranking and made an inquiry to the 5th Division Personnel Manager, **Krystalin Church ("Church")**, about the procedure to obtain the promotion. Following the release of her test results and her application for promotion, four Caucasian employees who scored lower than Plaintiff were promoted to the Transportation Technologist position. Two of the Caucasian employees actually took the promotional test on the same day as Chapman. All four employees who received the promotion were, according to Chapman, "substantially less qualified than Plaintiff for the position of

---

[2] In evaluating a motion to dismiss, this Court "accept[s] the allegations in the complaint as true and construe[s] the facts in the light most favorable to the plaintiff." *Johnson v. Midland Funding, LLC*, 823 F.3d 1334, 1337 (11th Cir. 2016). The following facts are, therefore, taken from Plaintiff's allegations contained in the Complaint, and the Court makes no ruling on their veracity.

Transportation Technologist." (Doc. 1 at 3.) Chapman continued to make inquiries as to why she had not yet received a promotion.[3]

In March of 2016, a month after the release of Chapman's test results, the Defendants learned that Plaintiff's driver's license was suspended and transferred her to an outside inspector position where she was to work on construction projects. The new position required her to possess a valid driver's license. According to Chapman, she competently performed her job duties in both her old office position and the new outside inspector position. However, ALDOT fired her for failure to reinstate her driver's license in January of 2017.

Plaintiff asserts that her failure to reinstate her driver's license was a pre-textual reason for her termination and the real reason was on account of her race. On February 23, 2017, she timely filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging racial discrimination. (Doc. 5-1 at 3-

---

[3] Plaintiff's amended complaint clarifies that "after employees took the [promotional] test, they would be eligible for ongoing promotions[,]" as ALDOT "would continuously promote from the list of tested employees." (Doc. 10-1 at 3.) She lists November 2016 as the month in which she asked her supervisor, Kevin Williamson about her application for promotion and was told it was still under review. Subsequently, she made more formal requests for promotion and inquiries about her application.

4.) After receipt of her EEOC right-to-sue letter (doc. 5-1 at 1), which is dated June 22, 2017, Plaintiff brought suit in this Court on September 21, 2017.[4]

Because Plaintiff consented to dismissal of count two of her complaint,[5] this Opinion will only examine the Defendants' Rule 12(b)(6) motion to dismiss as to the only remaining claim, Count One, Title IIV claim for failure to promote and wrongful termination of employment.

II. STANDARDS OF REVIEW

In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, in order to withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint "must plead enough facts to state a claim [for] relief that is plausible on its face." *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1347–48 (11th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual

---

[4] In their motion defendants assert "Chapman filed this action on September 22, 2017." (Doc. 5 at 1.) However, as evidenced in the docket on CM/ECF, Plaintiff initiated her lawsuit on the 21st of September not the 22nd.

[5] In their motion to dismiss, Defendants asserted an Eleventh Amendment immunity defense to Chapman's § 1981 claim. *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("[A]suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."). In her response, "Plaintiff consent[ed] to the dismissal of count two, racial discrimination pursuant to 42 U.S.C. § 1981." (Doc. 10 at 1 n. 1.)

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Stated another way, the factual allegations in the complaint must be sufficient to "raise a right to relief above the speculative level." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). A complaint that "succeeds in identifying facts that are suggestive enough to render [the necessary elements of a claim] plausible" will survive a motion to dismiss. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1296 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556) (internal quotation marks omitted). In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. This Court then "assume[s] the [ ] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* Review of the complaint is "a context-specific task that requires [this Court] to draw on its judicial experience and common sense." *Id.* If the pleading "contain[s] enough information regarding the material elements of a cause of action to support recovery under some 'viable legal theory,'" it satisfies the notice pleading standard. *Am. Fed'n of Labor & Cong. of Indus. Orgs. v. City of Miami*, 637 F.3d 1178, 1186 (11th Cir. 2011) (quoting *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683–84 (11th Cir. 2001)).

Under Federal Rule of Civil Procedure Rule 15(a), a party may amend their complaint once as a matter of course within twenty-one days after service of a response by answer or motion. Otherwise, the party may amend their pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). Rule 15(a) further instructs that "[t]he court should freely give leave when justice so requires." *Id.* "[U]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). Reasons for denying leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

III. DISCUSSION

A. *Plaintiff's original complaint was filed with 180 days of the last discriminatory act—her termination.*

Because Defendants lodged their jurisdictional challenge in their motion to dismiss before Plaintiff attempted to amend her complaint, the Court will first address the jurisdictional issue. Under Title VII, an aggrieved person must file an

EEOC charge "within one hundred and eighty days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e–5(e). "The limitations periods, while guaranteeing the protection of the civil rights laws to those who promptly assert their rights, also protect employers from the burden of defending claims arising from employment decisions that are long past." *Del. State Coll. v. Ricks*, 449 U.S. 250, 256-57 (1980) (citing *Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 463–464, (1975)). Defendants assert that Chapman's claim in Count One is due to be dismissed under FRCP Rule 12(b)(6) on account of it being untimely.

In her EEOC charge, Chapman alleges the earliest date the discrimination took place was on March 1, 2016 and the latest was January 25, 2017.[6] (Doc. 5-1 at 3-4.) Defendants argue that Chapman fails to "allege any dates which she was discriminated against on the basis of race concerning a promotion that occurred within 180 days of the filing of the EEOC charge" in her complaint. (Doc. 5 at 6.) In addition, they argue that the only specific date Chapman provides to the Court is December of 2015 when the named comparators took the promotional test, which is well outside the 180 day time period. Chapman did not indicate on her EEOC

---

[6] The EEOC charge is central to the complaint and this Court may properly consider it on a motion to dismiss. *Lambert v. Ala. Dept. of Youth Servs.*, 150 Fed. Appx. 990, 991- 992 (11th Cir. 2005).

charge that a continuing violation occurred. In her complaint Plaintiff alleges that she was persistent in her inquiries regarding promotion and continuously denied the promotion she sought between February of 2016 and January of 2017.

Defendants cite *Welty v. S.F. & G., Inc.*, to argue that Chapman's termination cannot serve as the last discriminatory act. 605 F. Supp. 1548 (N.D. Ala. 1985). The *Welty* decision explained that when the notice of termination of employment is given, and termination of employment is the alleged discriminatory act, the 180-day time period begins on notice of termination. *Id.* at 1554-55 (citing *Chardon v. Fernandez*, 454 U.S. 6, 8 (1981)); *see also Ricks*, 449 US. at 255 (holding that the time period for filing begins at notice of termination)). Both "*Ricks* and *Chardon* establish that the date of notice of termination . . . is the operative date from which the 180-day filing requirement begins to run." *Elliott v. Grp. Med. & Surgical Serv.*, 714 F.2d 556, 565 (5th Cir. 1983); *see also McWilliams v. Escambia Cty. Sch. Bd.*, 658 F.2d 326 (5th Cir. 1981) (citing *Ricks* as holding that when the challenged act is an individual employment decision, the discrimination occurs and the 180-day filing period begins when the employer communicates their decision).

Though Plaintiff does not provide a specific date between when the discrimination began and when it ended regarding the failure to promote, she clearly claims that her termination in January of 2017 was due to her race and that

her lack of a driver's license was merely a pre-textual reason for her firing. (Compl. ¶ 28, 31-33.) Construing the facts in a light most favorable to Chapman, her termination is a discriminatory act; and, because she filed her EEOC charge on February 23, 2017, less than two months after the last allegedly discriminatory act (termination), the Courts finds that her EEOC charge was not untimely.

Defendants assert that the filing period begins to run at "the time of the discriminatory acts, not [at] the time at which the consequences of the acts [become] most painful." *Ricks*, 449 U.S. at 258. However, *Ricks* involved a termination of tenure decision that was communicated to the plaintiff, who was then offered a 1-year terminal contract while his grievance was pending. *Id.* at 255, 258. The plaintiff did not file within 180 days of the notice of denial of tenure, which the university asserted was a final decision, but asserted that the date his grievance was denied was the start of the 180-day filing period. The court reasoned that the denial of tenure was the university's expression of its official position, and 180-day timeframe began when the employer expressed its official position to the employee. *Id.* at 262. By contrast, in the present case, Chapman's employer expressed its decision to terminate her in January 2017, which is well within 180 days of the filing of the EEOC charge, February 23, 2017. (Doc. 5-1 at 3.) Defendants have neither argued nor provided any evidence that they gave

Chapman notice of her impending termination at any time prior to her termination in January 2017. Plaintiff filed her EEOC charge within 180 days of the last alleged discriminatory act—the termination[7] of her employment—therefore, **Defendant's motion to dismiss is due to be denied.**

As further detailed below, the amended complaint cures deficiencies surrounding the merits of Chapman's failure to promote claim—as she clarified the **events surrounding Defendants' passing her** over for promotion. As such, Plaintiff has alleged facts sufficient to survive a 12(b) motion to dismiss and her failure to promote claim may proceed.

B. *Plaintiff's request for leave to amend her complaint*

The Court will now address whether Chapman should be allowed to amend her complaint. Defendants assert that Plaintiff should not be permitted to amend because this Court has no jurisdiction over the original complaint, and amending the complaint would create jurisdiction where there is none. (Doc. 11. at 5-7.) However, as discussed above, the Court does possess jurisdiction because **Plaintiff's charge and subsequent lawsuit were both timely**.

---

[7] Indeed "to discharge any individual . . . because of such individual's race" is an unlawful, or adverse, employment action. 42 U.S.C. § 2000e-2(a)(1).

Allowing the amendment would not unduly prejudice Defendant; it has not been unduly delayed, and there is no evidence it was made in bad faith or with a dilatory motive. *Foman*, 371 U.S. at 182. **Chapman's** amended complaint was filed on February 1, 2018, **as an attachment to her opposition to Defendants' motion to dismiss (doc. 10-1), which was filed within 21 days of the Defendants' filing of their** motion to dismiss on January 16, 2018. *See* **Fed. R. Civ. P. 15(a)(1)(B)** ("A party may amend its pleading once as a matter of course within : . . . 21 days after service of a motion under Rule 12(b)"). Therefore, the only remaining inquiry is whether the amendment would be futile.

As explained above, in her complaint Plaintiff alleges that she was persistent in her inquiries regarding promotion and was continuously denied promotion between February of 2016 and January of 2017 and that her termination serves as a discriminatory act, which falls within the ambit of the 180 day timeframe. **Chapman's** amendment adds specificity to her Title VII claim and drops the § 1981 claim as she conceded its dismissal in her response. Paragraphs 11-14 of the amended complaint include facts supporting her claim for non-promotion and clarify the promotional process. (Doc. 10-1 ¶ 11-14.) Additionally, paragraphs 16-

19 establish that Chapman was denied promotion[8] after she made a formal request in November of 2016 (doc. 10-1 ¶ 16-19), which is within 180 days of filing of her EEOC charge. Other added paragraphs provide extra details supporting Chapman's assertion that her lack of a driver's license was pre-textual to her termination. In all, the additional paragraphs serve to clarify Plaintiff's claims and give Defendants additional notice of the claims against them—it does not confer jurisdiction where none existed. The Court finds no "substantial reason" to disallow the amendment. *Thomas*, 847 F.2d at 773.

IV. CONCLUSION

As explained above, Plaintiff's termination as alleged in her initial complaint qualifies as an act of discrimination which fell within the 180 day period—making her claims timely, and conferring jurisdiction on this Court. Additionally, both Plaintiff's Title VII failure to promote and termination claims may proceed on the merits. For the reasons stated above, **Defendant's motion to dismiss** (doc. 5) is denied, and **Plaintiff's** implied motion for leave to amend is granted.

---

[8] Failure to promote is a discrete act of discrimination. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).

DONE and ORDERED on July 3, 2018.

／s／ L. Scott Coogler
L. Scott Coogler
United States District Judge

190685